IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAR 13 A 11: 0

CLERK
SO. DIST. OF GA.

TONY THOMPSON,           )
                         )
         Petitioner,     )
                         )
vs.                      )   CIVIL ACTION NO.: CV512-134
                         )
                         )
                         )
HUGH SMITH, Warden,      )
                         )
         Respondent.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Tony Thompson ("Thompson"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a Rule 60(b)(6) Motion, which was written on a form applicable to petitions filed pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss, to which Thompson responded. Thompson filed a Motion for Summary Judgment. Respondent filed a Response. For the reasons which follow, Thompson's Rule 60(b) Motion should be **DENIED**. For these same reasons, Respondent's Motion to Dismiss and Thompson's Motion for Summary Judgment should be **DISMISSED** as moot.

Thompson asserts that this Court failed to account for his void judgment which was filed prior to the filing of his second section 2254 petition, CV503-36. Thompson contends that this failure is a defect in the federal habeas proceedings. According to Thompson, the undersigned's failure to mention this filing in the Report and Recommendation in CV503-36 rendered him (Thompson) unable to file timely

AO 72A
(Rev. 8/82)

objections to this Report. Thompson asserts that he would like an opportunity to reopen the judgment in that case.

In Case Number CV503-36, Thompson contended he received ineffective assistance of counsel, was induced to enter a guilty plea, was prejudiced due to pre-trial publicity, and was denied a mental competency hearing. Thompson also contended that the trial court erred in denying his motion to withdraw his guilty plea. (CV503-36, Doc. No. 1). The undersigned issued a Report on September 8, 2006, recommending that Thompson's petition be denied on the merits. (CV503-36, Doc. No. 40). Thompson filed timely Objections to this Report and mentioned in passing that he had filed a motion to void judgment and sentence, presumably in the state court. (CV503-36, Doc. No. 44, p. 20). The Honorable William T. Moore, Jr., adopted the undersigned's Report and Recommendation as the opinion of the Court by Order dated September 27, 2006. (CV503-36, Doc. No. 45). Thompson filed a motion for reconsideration, which Judge Moore denied by Order dated December 13, 2006. (CV503-36, Doc. Nos. 50, 52). On May 14, 2007, the Eleventh Circuit Court of Appeals denied Thompson's certificate of appealability. (CV503-36, Doc. No. 64). Thompson filed three (3) requests for copies, beginning in February 2012. On November 15, 2012, Thompson filed a Motion to Reopen his case pursuant to Rule 60(b) in Case Number CV503-36, as well as the Motion presently before the Court.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6); Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). A movant who raises a claim pursuant to 28 U.S.C. § 2244(b), i.e., "an asserted federal

2

basis for relief from a state court's judgment of conviction[,]" cannot proceed with a Rule 60(b) motion as a way to avoid the restrictions applicable to second or successive habeas petitions.[1] Franqui v. Fla., 638 F.3d 1368, 1371 (11th Cir. 2011). "[A] Rule 60(b) motion can be appropriate where a petitioner does not assert, or reassert, claims of error in [his] state conviction. For example, a 60(b) motion can properly be used just to assert[ ] that a previous ruling which precluded a merits determination was in error, or just to attack some defect in the integrity of the federal habeas proceedings[.]" Id. (internal citations omitted) (alterations in original). However, "[a] motion under Rule 60(b) must be made within a reasonable time[.]" FED. R. CIV. P. 60(c)(1). In addition, a Rule 60(b)(6) motion is intended for use in cases presenting "extraordinary circumstances[.]" Arango v. City of Margate, 367 F. App'x 60, 61 (11th Cir. 2010) (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)).

Assuming without deciding that Thompson's claimed error in a previous federal habeas corpus proceeding permits him to proceed pursuant to Rule 60(b), Thompson is not entitled to any relief. By Thompson's own admissions, he was aware of the undersigned's failure to make any mention of a voided judgment filing on the date he

---

[1] A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

filed his Objections to the undersigned's Report and Recommendation in Case Number CV503-36, which was in September 2006. Thompson did not file this Rule 60(b)(6) Motion until November 15, 2012, which was more than six (6) years after the undersigned recommended the denial of Thompson's § 2254 petition and Judge Moore adopted that recommendation in Case Number CV503-36. Thompson's Rule 60(b)(6) Motion was not filed within a reasonable time of the final judgment he seeks to attack, pursuant to Rule 60(c)(1). Moreover, nothing in Thompson's Motion presents extraordinary circumstances permitting him to proceed with this Motion. Finally, Thompson currently has another Rule 60(b) motion pending in Case Number CV503-36, making this cause of action repetitive and unnecessary.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Thompson's Rule 60(b)(6) Motion be **DENIED**. It is also my **RECOMMENDATION** that Respondent's Motion to Dismiss and Thompson's Motion for Summary Judgment be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 13th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE